82,778-01

Dear honorable Clerk, please file all 3 of these critical documents. They were all placed into the prison mail system("Prison **Mailbox** Rule ") on Friday, Feb. 20th, before 10:00 O:Clock AM.  I'm sure they will sit in the prison mailbox over the weekend, then on momnday, they should be logged out and mailed out.   Mail does not move around here on the weekends.

I will have a familly member come and purchase time filed stamped copies soon.   THANKYOU.

PS:  I RECEIVED YOUR CARD NOTICE THAT YOU RECIEVED MY WRIT ON FEB.10th, 2015 Verifiable by prison mailroom.

DESMOND LEDET

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

EX PARTE                        §
                                §
                                §   IN THE COURT OF CRIMINAL APPEALS
                                §   OF TEXAS, IN AUSTIN, TX
DESMOND LEDET                    §

OBJECTION #5: THE APPLICANT NEVER MADE ANY AGREEMENT WITH DEFENSE
COUNSEL TO ALLOW THE JURY TO HEAR HIM INVOKING HIS CONSTITUTIONAL
RIGHTS, AND THE MULTITUDE OF EMPHASIS ON THE INVOCATIONS BY THE
STATE AS EVIDENCE OF GUILT, IN ORDER TO SOMEHOW CONVINCE THE JURY
     THE APPLICANT WAS INNOCENT AND THE SEX WAS CONSENSUAL.

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

I, Desmond Ledet, the above said Applicant, respectfully pre-

sent this humble **objection to the trial court's adoption of the**

**"STATE'S PROPOSED...FINDINGS...CONCLUSIONS"** presented to this

honorable Court as stated above in the heading.  Specifically:

1: On p.8 of the "State's...Proposed...Findings...Conclusions"
   ¶39, citing to Hon. Fortinberry's non-credible Affidavit,
   the findings state:

      "Applicant was in full agreement with the defense and
      **what** they were attempting to show at trial."

---

2: **I AM THE APPLICANT, AND I STRONGLY, AND RESPECTFULLY OBJECT
   . THAT IS FAR FROM THE TRUTH.**

3: Defense counsel never once discussed with me allowing the
   jury to hear me invoke my constitutional rights to termina-
   tion of the interview, counsel, and silence over and over
   again in the face of accusation, after first allowing the
   jury to hear me being read my MIRANDA rights, as some type
   of a defensive strategy in order to convince the jury that
   I was innocent, and the sex was consensual.  Which is what
   the inaccurate fact findings allege was Hon. Fortinberry's
   reason for not objecting to the evidence. Id at p.6, ¶20

4: Specifically the findings presented to this Court state:

      "Hon Fortinberry did not object to **the evidence that em-**
      **phasized** the fact that Applicant invoked his constitu-
      tional rights BECAUSE he concluded that the evidence re-
      inforced the defense that Applicant was innocent and that
      the sex was consensual."  Id, p.6, ¶20. (underline/high-
      light mine).

5: It is true that I refused any plea offers and insisted on going to trial, and I made it clear that the truth of my defense was that I was innocent and the sex was consensual.

6: So yes it is true that my defense was that I am innocent, and the sex was consensual...(the jury even rejected the complainants version of what took place).

7: But the only thing I ever discussed prior to trial with Hon. Fortinberry was that **in my own defense I would take the stand and testify in my on behalf that I WAS INNOCENT AND THE SEX WAS CONSENSUAL. HE KNEW THAT PRIOR TO TRIAL. THAT WAS THE ONLY EXCULPATORY DEFENSE WE HAD DISCUSSED; THAT I WAS IN AGREEMENT WITH-----MY TRIAL TESTIMONY OF INNOCENCE AND CONSENSUAL SEX. THAT'S IT.**

8: All though Hon. Fortinberry,may have in conflict with thousands of State and Federal cases nationwide, thought that allowing the jury to hear evidence that led the jury over and over and over and over and over again, to the inescapable conclusion that I invoked my constitutional rights in the face of accusation,would somehow reinforce "the defense that Applicant was innocent and that the sex was consensual", **I, DESMOND LEDET, THE APPLICANT HAD NO KNOWLEDGE PRIOR TO TRIAL THAT HON. FORTINBERRY ERRONEOUSLY THOUGHT THAT THAT EVIDENCE WOULD REINFORCE MY DEFENSE.** See my Grounds #5-19,20, 22,23.

9: It was my defense that I was innocent and the sex was consensual,that defense had nothing to do with State's Exhibit 27.

10: In fact as stated in my Ground #33 Hon. Fortinberry informed me at trial that he had never listened to State Exhibit 27 prior to trial. I may not be able to prove that he told me that, and he apparently refuses to admit it.

11: Nevertheless, the State presents nothing but Hon. Fortinberry's Affidavit, which has already been proven to not be credible. Remember he said in it that he never told me that I would lose the presumption of innocence by taking the stand and testifying.(Hon.Fortinberry's Affidavit response to Ground #25).

12: Even the "State's Proposed...Findings...Conclusions" repeatedly asserts that Hon. Fortinberry **did in fact** tell me that I would "lose the presumption of innocence." Id. at p.7, ¶28-30.

13: There is no credible evidence that I knew before, after, or even during trial that Hon. Fortinberry thought, contrary to precedent, that the evidence that is well recognized for giving an **inference of guilt,** would do the

exact opposite and create and inference of innocence.("re-inforce the defense that Applicant was innocent and that the sex was consensual."). Adopted "...Findings", p.6,¶20.

14: The evidence presented in Grounds #5-19, 20, 22, &23 not only includes me invoking constitutional rights, but heavy emphasis put on those invocations as evidence of guilt by the State. None of it objected to by defense counsel.

15: The evidence **was introduced by the State as substantive evidence of guilt, NOT BY DEFENSE COUNSEL IN AN ATTEMPT TO REINFORCE THE DEFENSE THAT I, THE APPLICANT, WAS INNO-CENT AND THE SEX WAS CONSENSUAL.**

16: Because Hon. Fortinberry <u>did not</u> introduce the evidence that caused me extreme, and gross unfair prejudice, etc. in the above said grounds as part of my defense(State in-troduced that evidence to show guilt), Hon. Fortinberry had no reason to explain to me prior to trial that he had some plan or strategy to introduce that same said eviden-ce that gave rise to an inference of guilt, in an attempt to "reinforce the defense that Applicant was innocent and that the sex was consensual."

17: Again, such a plan or strategy would have been, and is now,outrageous and points to a lack of knowledge of the Applicable law, **because that type of evidence leads to an inference that a defendant is guilty, not credible, hiding something, etc. NOT THAT HE IS INNOCENT AND THE SEX WAS CONSENSUAL.** See <u>Hardie v. State,</u> 807 S.W. 2d 319 ,322(Tex.Crim.App.1991) and <u>Doyle v. Ohio,</u> 426 U.S. 610(1976) and their progeny.

18: That type of evidence leads the jury to convict based on evidence aside from the elements of the alleged offense. See <u>Lajoie v. State,</u> 237 S.W. 3d 345(Tex.App.Fort Worth 2007) and <u>Old Chief v. United States,</u> 519 U.S. 172(1997) and **Tex.R.Evid. 403** and their progeny.

19: My defense was that I am innocent and the sex was consen-sual, and that was understood prior to trial. **BUT I NEVER WAS INFORMED BY DEFENSE COUNSEL THAT HE SOME HOW HAD THE POWER TO PREDICT THE FUTURE PRIOR TO TRIAL, <u>KNEW BEFORE-HAND THE STATE WOULD INTRODUCE THE EVIDENCE RAISED IN MY</u> GROUNDS #5-19, 20, 22, &23, AND THAT AS A STRATEGY HE'D NOT OBJECT TO THAT EVIDENCE THAT GAVE AN INFERENCE OF GUILT, BECAUSE HE ERRONEOUSLY, CONTRARY TO STATE AND FED-ERAL PRECEDENT,THOUGHT IT WOULD GIVE AN INFERECE OF INNO-CENCE.**

20: This objection has been placed in the prison mailbox on **the date of Fri., Feb.20th, 2015,** before 10:00 AM(filed under the "Prison Mailbox Rule"). Prison mailroom staff will leave it in the box and pick it up on Monday and send it out since mail does not move on this Unit during the weekends. Although the Applicant has already filed several objections with this Court, prison mail logs will reflect that the Applicant did not receive notice from the Court of Criminal Appeals that you actually received my writ until, **Feb.10th, 2015. PLEASE CONSIDER THIS OBJECTION TIMELY.**

### PRAYER

I, Desmond Ledet, the Applicant, humbly and respectfully request this honorable Court will acknowledge this objection, take notice of how this objection is supported by the record, and ultimately **GRANT** the Applicant a **NEW TRIAL based on ineffective assistance of counsel concerning his Grounds #5-19,20, 22, &23, etc**. **THANKYOU.**

Respectfully Submitted,

*Desmond Ledet*
Desmond Ledet #01651095
Telford Unit
3899 State Hwy.98
New Boston, TX 75570

### CERTIFICATE OF SERVICE

A true copy of the above has been mailed to the Tarrant County , TX Criminal District Attorney's Office located at 401 W. Belknap, Fort Worth, TX, 76196. Placed in prison mailbox on Feb. 20th, 2015. It should be retrieved by mail staff, and logged as outgoing mail on Mon., Feb. 23 since the mail will sit in box over the weekend. Prison mail does not move on weekends.

*Desmond Ledet*
Desmond Ledet

### UNSWORN DECLARATION

I, Desmond Ledet, #01651095, am presently incarcerated at the Telford Unit in Bowie County, TX. I declare under penalty of perjury that the facts stated herein are true and correct.

*Desmond Ledet*